[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15113
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 19, 2006
THOMAS K. KAHN
CLERK

BIA No. A77-998-473

CAI HONG WANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 19, 2006)**

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Cai Hong Wang seeks review of the decision of the Board of Immigration

Appeals (BIA) adopting and affirming an immigration judge's (IJ) order of removal, denial of Wang's application for asylum or withholding of removal under the Immigration and Nationality Act (INA), and denial of relief under the United Nations Convention on Torture (CAT). In her application for asylum and withholding of removal, Wang claimed a well-founded fear of future persecution on the ground that her mother had been sterilized by force, that she herself had violated local marriage policies, and that this violation provoked investigation and intimidation by local officials.[1] Although the IJ's findings focused on Wang's questionable credibility, the BIA rested its adoption and affirmation of the IJ's decision on the ground that Wang "has not established a protected ground. Asylum for coercive population control has not been extended to the children of those subjected to forcible abortion or sterilization." Because such failure was the sole basis of the BIA's ruling, and because we are satisfied that this ground was sufficient to support the IJ's ruling, this is the only issue we need address here. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (holding that when the BIA issues a decision, this court reviews only that decision, except to the

---

[1] Wang's initial application also claimed actual persecution arising from her alleged violation of local marriage policy, which restricts marriage to individuals above a certain age. However, in addition to denying at trial that she ever suffered persecution in China, neither the policy itself nor the single instance of actual persecution cited by Wang (a confrontation between her onetime boyfriend and allegedly violent government officials) supports a claim of past persecution.

2

extent that the BIA expressly adopts the IJ's decision).

Upon *de novo* review, we affirm the BIA's legal determination that the daughter of a forcibly sterilized mother does not, on that basis alone, fall within the INA's definition of "refugee." This holding is supported by the plain language of the INA, which specifically provides that, "[f]or purposes of determinations under this chapter, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion . . . ." 8 U.S.C. § 1101(a)(42)(B).

Furthermore, substantial evidence supports the IJ's factual determination that Wang has not established a "well founded fear that . . . she will be forced to undergo [involuntary sterilization] or [will be] subject to persecution for . . . failure, refusal, or resistance" to do so. Id. Although Wang testified that she would be forcibly sterilized if she had more than one child in China, the IJ's contrary finding was amply supported by the following facts, also corroborated by the record: (1) Wang currently has no children and therefore would not be in violation of the family planning policy if she returned to China; (2) the Chinese government prohibits the use of force to compel a person to submit to an abortion or sterilization; (3) should Wang actually have more than once child upon

3

returning to China, the family planning rules in Wang's province of origin admit exceptions when the first child is a girl and are, in any event, weakly enforced.

For the foregoing reasons, Wang cannot establish eligibility for asylum or withholding of removal under the INA. Her ineligibility for asylum confirms that she is also unable to carry the weightier burden for relief under CAT.

**AFFIRMED.**